# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LEVONZEL ANDERSON**                                                                          **PLAINTIFF**

**V.**                                                                                **NO. 4:16-CV-101-DMB-JMV**

**NORRIS MORRIS, et al.**                                                      **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Jane M. Virden, Doc. #81, recommending that Levonzel Anderson's motion for preliminary injunction, Doc. #32, be denied. For the reasons below, the Report and Recommendation will be adopted as the order of the Court.

## I
## Relevant Procedural History

On or about May 20, 2016, Levonzel Anderson filed a complaint in this Court against numerous employees of the Mississippi State Penitentiary and the Mississippi Parole Board. Doc. #1. The complaint alleges that the prison and Parole Board employees are conspiring to keep Anderson in prison. *Id*. at 8.

On or about November 4, 2016, Anderson filed a "Motion for Leave to File an Amended Complaint" seeking to add, in relevant part, additional allegations involving incidents of rape that occurred while he was sleeping. Doc. #32. United States Magistrate Judge Jane M. Virden treated the motion as a motion for preliminary injunction seeking protection from the alleged incidents of rape, *see* Doc. #88, and set a hearing on the motion for December 9, 2016, Doc. #38.

On December 9, 2016, Judge Virden held the hearing on the motion for preliminary injunction. Doc. #47. Following the hearing, on April 28, 2017, Judge Virden issued a Report and Recommendation recommending that the motion be denied because Anderson failed to

demonstrate a substantial likelihood of success on the merits. Doc. #81 at 2–3. On or about June 2, 2017, Anderson filed a document captioned, "Plaintiffs Objections to United States Magistrate Judge Report and Recommendations on Preliminary Injunction." Doc. #88.

## II
## Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted). However, "frivolous, conclusive, or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

## III
## Relevant Background Information

As established in the Report and Recommendation and during the hearing on the motion for preliminary injunction, Anderson alleges that he has been sexually assaulted multiple times while he was sleeping and under the influence of psychotropic medication. He alleges that the assaults did not wake him from his sleep but that he "felt funny" upon awakening, as if someone had "tampered with his butt." However, the Prison Rape Elimination Act[1] ("PREA") coordinator has investigated Anderson's allegations of sexual assault many times but has never found any evidence to support his claim that the sexual assaults took place. *See* Doc. #57-1.

Anderson, who suffers from severe mental health issues, conceded that the assaults could be a product of his imagination. He has been housed in many different locations, and has reported nocturnal assaults in nearly all of those places. He even reported that he was assaulted multiple

---

[1] *See* 34 U.S.C. § 30301.

times while housed alone in a cell at the Unit 42 hospital at the Mississippi State Penitentiary.[2] The defendants represent that the video footage of Anderson's cell for specific dates and times when Anderson alleges he was raped, reveal that Anderson was alone in his cell the entire time. Doc. #81 at 3 n.1.

## IV
## Analysis

A party moving for preliminary injunction must establish "(1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest." *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015). If the movant fails to establish a substantial likelihood of success, a preliminary injunction is properly denied. *Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001).

In his objections, Anderson argues the motion for preliminary injunction should have been granted because (1) the Magistrate Judge incorrectly stated that the hearing was held on December 12, 2016; (2) he has not reviewed the video footage from when his cell was being recorded; (3) he has not been seen by a forensic medical examiner as required by PREA; and (4) he has not been given a mental evaluation. Doc. #88 at 1–3.

First, while the Report and Recommendation may have incorrectly stated the date, this error has no impact on the ultimate decision. Accordingly, this objection is without merit.

Anderson's remaining objections argue, in essence, that the preliminary injunction should not have been denied because additional discovery is needed regarding his allegations. However, a request for discovery does not justify granting a preliminary injunction. Rather, it "simply demonstrates that a preliminary injunction is inappropriate at this junction, and that more

---

[2] According to Judge Virden, "[Anderson] has been housed alone at the Unit 42 hospital since September 30, 2016, in a cell monitored by two (2) video cameras which were positioned inside his room." Doc. #81 at 3 n.1.

discovery is necessary before the issues may be resolved." *Seiko Kabushiki Kaisha v. Swiss Watch Int'l, Inc.*, 188 F.Supp.2d 1350, 1354 (S.D. Fla. 2002). Therefore, the objections are overruled and the Report and Recommendation will be adopted.

# V
## Conclusion

For the reasons above, Anderson's objections [88] are **OVERRULED**. Accordingly, the Report and Recommendation [81] is **ADOPTED** as the opinion of this Court. Anderson's motion for preliminary injunction [32] is **DENIED**.

**SO ORDERED**, this 27th day of September, 2017.

                                           **/s/Debra M. Brown**
                                           **UNITED STATES DISTRICT JUDGE**