# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

LEVONZEL ANDERSON                                                                    PLAINTIFF

V.                                                      NO. 4:16-CV-101-DMB-JMV

NORRIS MORRIS, et al.                                                 DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jane M. Virden. Doc. #100.

## I
## Relevant Procedural History

On or about May 20, 2016, Levonzel Anderson filed a pro se prisoner complaint against numerous employees of the Mississippi State Penitentiary and the Mississippi Parole Board. Doc. #1. On September 27, 2016, United States Magistrate Judge Jane M. Virden held a *Spears* hearing on Anderson's allegations. *See* Doc. #18.

On February 27, 2017, Defendant Nurse Angela Brown[1] filed a motion for summary judgment addressing Anderson's failure to protect claim. Doc. #62. On March 7, 2017, the remaining defendants[2] ("Remaining Defendants") filed a "Motion for Summary Judgment Based on Sovereign and Qualified Immunity," addressing Anderson's failure to protect and denial of access to the Court claims. Doc. #68. On or about April 6, 2017, Anderson filed "Plaintiffs' Response to Angela Browns' [sic] Motion for Summary Judgment." Doc. #76.

On July 18, 2017, Judge Virden issued a Report and Recommendation recommending that Brown and the Remaining Defendants' motions for summary judgment be granted and that

---

[1] The docket refers to Nurse Brown as "Unknown Brown."

[2] These defendants are Norris Morris, Earnest Lee, Timothy Morris, Unknown Sturdivant, Andrew Mills, Unknown Cox, Kathryn McIntyre, Ricky Scott, Nola Nelson, Unknown McCoy, Unknown Burt, Pamela Robinson, Unknown Mumford, Unknown Alexander, Unknown Meet/Meeks and Marshall Fisher.

Anderson's remaining claims be dismissed for failure to state a claim upon which relief can be granted. Doc. #100. The Report and Recommendation warned:

> Objections [to the Report and Recommendation] must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court ...." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

*Id*. at 20.

Anderson acknowledged receipt of the Report and Recommendation on July 19, 2017. Doc. #101. On or about July 24, 2017, Anderson requested an extension to file objections. Doc. #102. On July 27, 2016, Judge Virden granted the motion, giving Anderson until August 15, 2017 to file his objections. Doc. #103. On or about August 3, 2017, Anderson filed a "Motion to Show Cause for an [sic] Preliminary Injunction," which, although unclear, appears to be his objections to the Report and Recommendation. Doc. #104.

## II
## Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted). However, "frivolous, conclusive, or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

2

# III
## Discussion

In his objections, Anderson first asserts that he never received a copy of the Remaining Defendants' motion for summary judgment. Doc. #104 at 26. The Remaining Defendants' motion for summary judgment contains a Certificate of Service that shows the motion was mailed "via United States Postal Service, first class postage prepaid," to Anderson at the address provided. Doc. #68. Rule 5 of the Federal Rules of Civil Procedure allows for service by mail, and states that service by mail is complete upon mailing. Considering that the motion contained a Certificate of Service, signed by counsel, representing that the motion was mailed to Anderson's then-current address, the Court finds Anderson's allegations of non-receipt unpersuasive. *See McZeal v. MidSouth Nat'l Bank, NA*, No. 2:15-cv-2315, 2017 WL 1332730, at *4 (W.D. La. Jan. 13, 2017) ("plaintiff's conclusory allegations that he received everything but the motions do not rebut the defendants' showing of service"). Accordingly, the Court overrules the objection.

The remainder of Anderson's arguments are simply a reiteration of his sexual assault claim, which he attempts to buttress with an affidavit referring generally to alleged assaults which occurred after the defendants moved for summary judgment. Doc. #104 at 31–33. However, the affidavit of the plaintiff, which relates to allegations of assault not before the Court, does not undermine Judge Virden's recommendations. As such, having further reviewed the remainder of the Report and Recommendation for clear error and found none, the Court overrules Anderson's remaining objections. Therefore, the Report and Recommendation will be adopted as the opinion of the Court.

# IV
## Conclusion

For the reasons above:

1. The Report and Recommendation [100] is **ADOPTED** as the opinion of the Court.

2. Brown's motion for summary judgment [62] is **GRANTED**.

3. The Remaining Defendants' motion for summary judgment [68] is **GRANTED**.

4. All remaining claims against the defendants are **DISMISSED** with prejudice for failure to state a claim.

5. A separate judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 29th day of September, 2017.

<u>/s/Debra M. Brown</u>
**UNITED STATES DISTRICT JUDGE**