# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**LEVONZEL ANDERSON**                                                                                           **PLAINTIFF**

**V.**                                                                                              **NO. 4:16-CV-101-DMB-JMV**

**NORRIS MORRIS, et al.**                                                                                  **DEFENDANTS**

## ORDER

Before the Court are Levonzel Anderson's motion for reconsideration regarding the Court's September 29, 2017, order dismissing this action, and his motion for reconsideration regarding the Court's September 27, 2017, order denying injunctive relief. Doc. #124; Doc. #128.

## I
## Relevant Procedural History

On or about May 20, 2016, Levonzel Anderson filed a pro se prisoner complaint against numerous employees of the Mississippi State Penitentiary and the Mississippi Parole Board[1] alleging (1) that the parole board set off his parole two years; (2) denial of due process regarding rule violations; (3) denial of access to the court; (4) failure to protect; (5) retaliation; (6) loss of property; and (7) unsanitary conditions of confinement.[2] Doc. #1. On September 27, 2016, United States Magistrate Judge Jane M. Virden held a *Spears* hearing on Anderson's allegations. Doc. #18.

On or about November 4, 2016, Anderson filed a "Motion for Leave to File an Amended

---

[1] The docket lists as defendants Norris Morris, Steven Pickett, Clarence E. Brown, Kay Washington, Earnest Lee, Timothy Morris, Unknown Sturdivant, Andrew Mills, Unknown Cox, Kathryn McIntyre, Richard Pennington, Unknown Brown, Ricky Scott, Nola Nelson, John Doe #1, Unknown McCoy, Unknown Burt, M.D. Charles Hall, Timothy Outlaw, Unknown Garrison, Unknown Vance, John Doe#2, Pamela Robinson, Unknown Johnson, Unknown Mumford, Unknown Alexander, Unknown Meet/Meeks and Marshall Fisher.

[2] Anderson asserts these allegations in support of his overall contention that there is a conspiracy to keep him in prison.

Complaint" seeking to add, among other things, allegations involving incidents of rape that occurred while he was sleeping in support of his failure to protect claim. Doc. #31. Judge Virden, treating the motion as a motion for preliminary injunction seeking protection from the alleged rape incidents,[3] held a hearing on the motion on December 9, 2016. *See* Doc. #38; Doc. #47; Doc. #81.

On February 27, 2017, Angela Brown[4] filed a motion for summary judgment addressing Anderson's failure to protect claim. Doc. #62. On March 7, 2017, other defendants[5] filed a "Motion for Summary Judgment Based on Sovereign and Qualified Immunity." Doc. #68. On or about April 6, 2017, Anderson filed "Plaintiffs' [sic] Response to Angela Browns' [sic] Motion for Summary Judgment." Doc. #76.

On April 28, 2017, Judge Virden issued a Report and Recommendation recommending that Anderson's motion for preliminary injunction be denied because he failed to demonstrate a substantial likelihood of success on the merits. Doc. #81. Anderson acknowledged receipt of the April 28, 2017, Report and Recommendation on May 7, 2017. Doc. #87. On or about June 2, 2017, Anderson filed a document captioned, "Plaintiffs <u>Objections</u> to United States Magistrate Judge Report and Recommendations on Preliminary Injunction." Doc. #88.

On July 18, 2017, Judge Virden issued a Report and Recommendation recommending that the motions for summary judgment be granted and that Anderson's remaining claims be dismissed, sua sponte, for failure to state a claim upon which relief can be granted. Doc. #100. Anderson acknowledged receipt of the July 18, 2017, Report and Recommendation on July 19, 2017. Doc.

---

[3] *See* Doc. #32.

[4] The docket lists this defendant as "Unknown Brown."

[5] Norris Morris, Earnest Lee, Timothy Morris, Unknown Sturdivant, Andrew Mills, Unknown Cox, Kathryn McIntyre, Ricky Scott, Nola Nelson, Unknown McCoy, Unknown Burt, Pamela Robinson, Unknown Mumford, Unknown Alexander, Unknown Meet/Meeks and Marshall Fisher.

#101. On or about August 3, 2017, Anderson filed a "Motion to Show Cause for an [sic] Preliminary Injunction" which, although unclear, appeared to be objections to the July 18, 2017, Report and Recommendation.[6]  Doc. #104.

On September 27, 2017, the Court adopted the April 28, 2017, Report and Recommendation and denied Anderson's motion for preliminary injunction.  Doc. #120.  Two days later, on September 29, 2017, the Court adopted the July 18, 2017, Report and Recommendation and entered a final judgment dismissing this action.  Doc. #121; Doc. #122.

On or about October 18, 2017, Anderson filed a motion seeking reconsideration of the Court's September 29, 2017, judgment dismissing this action.  Doc. #124.  On or about November 7, 2017, Anderson filed "Plaintiffs Second Motion to Alter – or Amend the Judgment of Dismissed Preliminary Injunction, Order To – Show Cause, Acknowledgment – of – Receipt [A]ttached – <u>Affidavit</u>," which the Court construes as a motion for reconsideration of the Court's September 27, 2017, order denying the preliminary injunction motion.  Doc. #128.

## II
## First Motion for Reconsideration

Under Fifth Circuit jurisprudence:

> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (alteration in original) (citations omitted).[7]  "A motion to alter or amend the judgment under Rule 59(e) must clearly

---

[6] On July 27, 2017, Judge Virden granted Anderson's request for an extension to file his objections to the Report and Recommendation.  Doc. #102; Doc. #103.

[7] Anderson's motion for reconsideration is appropriately considered under Rule 59(e) because it was filed within

3

establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quotation marks omitted).

Anderson's October 18, 2017, motion for reconsideration is comprised of various documents, including a document titled, "less stringent standard;"[8] previously filed motions, notices, orders, and declarations; correspondence between Anderson and the pro se law clerk's office; correspondence between Anderson and Mississippi Department of Corrections officials; affidavits that contain allegations already considered; Administrative Remedies Program response forms; and a letter from an attorney declining to represent Anderson. Also among the documents are a "Motion to Alter or Amend the Judgment" and a "Motion for Reconsideration." *See* Doc. #124. In these two documents, Anderson largely reiterates allegations relating to his claims for failure to protect, denial of due process (as it relates to parole procedures), and denial of access to the court—all of which have already been considered by the Court.[9]

Although less than clear, it seems Anderson argues that this action should not have been dismissed because (1) he served the Court with declarations and affidavits showing that he is being harassed by gang members who are working with private and state officials to deny him access to the court and to cover up the sexual assaults; (2) he cannot look at his complaint to see what was wrong with it because private officials took it during a shakedown at Wilkinson County

---

twenty-eight days of entry of the Court's September 29, 2017, order. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) ("Because it was filed within the relevant time period, we consider [the] Rule 60(b)(5) motion as a motion to amend the judgment under Federal Rule of Civil Procedure 59(e).").

[8] In the document, Anderson asks that the Court not hold any mistakes against him because he is not a lawyer. The Court liberally construes documents filed by a pro se party such as Anderson. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed ….") (quotation marks omitted).

[9] Some of Anderson's allegations refer to claims not before the Court.

Correctional Center; (3) he mailed the Court several "Declarations" that were sent back by the pro se law clerk; and (4) discovery in this matter is incomplete.

Anderson's contention that his declarations and affidavits support his claims is without merit, as the Court considered each of these documents in reaching its conclusion to dismiss this action. Anderson's assertion that he cannot look at his complaint to see its deficiencies has no bearing on the Court's conclusion to dismiss.

Anderson's assertion that some of his declarations were sent back to him by the pro se law clerk's office, while accurate, is an insufficient ground to justify reconsideration. Anderson was informed by the pro se law clerk's office that in order to have his documents filed, he must provide a detailed explanation of what each document is and what relief he seeks. Thus, he had an opportunity to refile the returned declarations.[10]

Finally, Anderson argues that reconsideration should be granted because discovery is not complete. In that regard, Anderson argues that he needs to have physical and mental health evaluations done by outside medical professionals because state officials will not be truthful in their examinations, that there has been no investigation done by someone who does not work for MDOC, and that no evidentiary hearing was held.

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

In requesting 56(d) relief, the movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the

---

[10] Although Anderson presented two letters from the pro se law clerk's office explaining why his declarations were returned, several of his declarations were filed with the Court, including all but one of those he included with the instant motion. *See* Docs. #15, #26, #54, #66, #75, #91, #93.

emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir.2010)). While discovery rules are liberally tilted towards production, Rule 56(d) does not "permit a plaintiff to 'go fishing.'" *Kean v. Jack Henry & Assocs., Inc.*, 577 F. App'x 342, 347 (5th Cir. 2014). To the extent Anderson is attempting to argue 56(d) relief should have been granted before dismissing this action, the Court disagrees.

In responding to Brown's motion for summary judgment, Anderson, amongst other arguments, and in a conclusory manner, argued he was "entitle[d] to trial cause on the defendant Angela Brown as fail to wait intill [sic] plaintiff request for all of his 'Discovery Tools.'"[11] Doc. #77 at 1. Anderson went on to argue, as it relates to his failure to protect claim, that Brown should not have denied his request to see a doctor, and not a nurse, because "state officials will try in [sic] cover up, anything that they [think] will hurt them" and because a doctor can "look ... a lit further than what [Nurse Brown] can [and] determine if a sexual assaults has taken place ...."[12] *Id*. at 1, 3.

Anderson's requests, which were not supported by an affidavit or declaration, fell far short of the specificity required by Rule 56(d). Accordingly, Anderson was not entitled to Rule 56(d) relief and his argument to the contrary is rejected.

As for Anderson's arguments in the instant motion that independent mental and physical health evaluations and an independent investigation are necessary, the Court finds that they do not justify reconsideration under Rule 59(e), as they are not grounded in law but in Anderson's

---

[11] Anderson did not respond to the other defendants' March 7, 2017, motion for summary judgment.

[12] Nowhere in Anderson's objections to the July 18, 2017, Report and Recommendation, did he object on the grounds that discovery is incomplete; rather he simply reiterated his sexual assault claim by adding allegations of assault that occurred after the defendants moved for summary judgment. *See* Doc. #104.

subjective belief that state officials are conspiring against him.[13]  Anderson's argument that he was not given an evidentiary hearing on his allegations is without merit because a pro se prisoner is not entitled to an evidentiary hearing on his § 1983 claims.  *Hamer v. Jones*, 364 F. App'x 119, 124 (5th Cir. 2010).

Because Anderson has not shown any justifications under Rule 59(e) for the Court to amend its September 29, 2017, judgment, reconsideration will be denied.

### III
### Second Motion for Reconsideration

In his November 7, 2017, motion, Anderson reiterates his sexual assault allegations, asks to add a failure to protect claim, and requests punitive damages.  Doc. #128.  The substance of the motion is more akin to a motion to amend complaint than a motion for reconsideration.  However, because a "[p]ost-judgment amendment to a complaint can only occur once the judgment itself is vacated under [Federal Rules] 59 or 60," *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000), the Court must first determine whether reconsideration is warranted.

Under Rule 60(b),[14] a court can relieve a party from an order for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record."  *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir.

---

[13] Anderson's assertion that he should be allowed physical and mental health evaluations by outside medical professionals has already been considered and denied.  *See* Doc. #112.

[14] Although Anderson moves for reconsideration under Rule 59(e), Rule 60(b) controls because his motion was filed more than twenty-eight days after entry of the Court's order.  *See Demahy*, 702 F.3d at 182.

7

1987).

Anderson simply reiterates his failure to protect claim, which he attempts to buttress with allegations of alleged sexual assaults not before the Court, and makes no attempt to argue why the Court should reconsider its ruling on his motion for preliminary injunction. Anderson has not shown any justification under Rule 60(b) for the Court to amend its September 27, 2017, order. Accordingly, reconsideration is denied.

Because the Court declines to vacate its order denying Anderson's motion for preliminary injunction or its final judgment dismissing this action, leave to amend is not proper. *See Vielma*, 218 F.3d at 468.

## IV
## Conclusion

For the reasons above, Anderson's motions [124][128] are **DENIED**.

**SO ORDERED**, this 29th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**